**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE ARDEN GROUP, INC. et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No. 09-3193 |
| v. | : | |
| | : | |
| CAMILLE O. HOFFMAN, et al., | : | |
| Defendants. | : | |
| | : | |

**Goldberg, J.**                                                    **November 30, 2011**

<u>**Memorandum Opinion**</u>

The primary issue in this case pertains to whether Defendant and Cross-Plaintiff, Robert W. Schulz (hereinafter "Schulz") is entitled to reimbursement of attorneys' fees from his former employer.  Schulz has raised this issue through the filing of a cross-claim against Co-Defendant, Oliver Hoffman Corporation ("OHC"),[1] wherein he seeks indemnification for legal fees and expenses incurred through litigation arising from a failed business venture.

Presently before the Court is Schulz's motion for summary judgment.  Because we conclude that resolution of this case necessarily involves factual disputes, Schulz's motion will be denied.

**I.      FACTUAL AND PROCEDURAL HISTORY**

The pertinent facts, viewed in the light most favorable to OHC, are as follows:

On or about June 19, 2009, Plaintiffs in the underlying litigation, The Arden Group, Inc. and

---

[1]  We note that Schulz's cross-claim also names Stonehill Capital Group, LLC, Stonehill Pines, LLC, Stonehill Pines Golf, LLC, and OHC Pines, LLC (hereinafter "Stonehill Defendants"), and Camille O. Hoffman.  However, Schulz is only seeking indemnification from his former employer, OHC.

Craig Spencer, filed suit against OHC, OHC's president, Camille Hoffman, Schulz, and several other Defendants,[2] alleging contractual and tort claims arising from a failed joint business venture. Schulz served as vice president of OHC at the time of the events at issue and was sued in his individual capacity (as was Hoffman).[3]  (Notice of Removal ¶ 1; Schulz's Br. 3.)

On July 20, 2009, OHC offered all of the named Defendants, including Schulz, legal representation. OHC's counsel communicated to Schulz his belief that there was "no present conflict of interest presented by the representation of all defendants," and encouraged Schulz to seek independent counsel to evaluate the representation offered.  (Defs.' Resp., Ex. C.)

On July 30, 2009, Schulz's attorney advised OHC that Schulz agreed to be represented by OHC's retained counsel.  Around the same time, Schulz also requested that OHC agree to fully indemnify him for any potential judgment against him. Schulz made this request despite the fact that no employment agreement was in effect which would require OHC to provide indemnification. OHC denied Schulz's request on the ground that it had no legal obligation to indemnify Schulz in the event of an adverse judgment.  (Id., Ex. B.; see id., Ex. E; Schulz's Br., Ex. K.)

On August 8, 2009, Schulz changed course and advised OHC that, absent an agreement for full indemnification, he would seek independent representation to ensure his personal interests would not be compromised.  Schulz indicated that he was concerned there could be "conflicting testimony between or among the individual defendants (present and former) that [c]ould have the [e]ffect of shifting potential liability between or among them."  (Defs.' Resp., Ex. E.)

---

[2] The complaint also named other individual Defendants, who were dismissed shortly after the suit was initiated, as well as the Stonehill Defendants.

[3] We note that Schulz retired from OHC in early 2009.  (Schulz's Decl. ¶ 1.)

On December 29, 2010, Plaintiffs and OHC, Hoffman, and the Stonehill Defendants filed a stipulation of settlement of all claims. Pursuant to that stipulation, Plaintiffs moved for voluntary dismissal of the action against all Defendants, including Schulz. Neither Schulz nor his personal attorney participated in the settlement negotiations and Schulz did not contribute to the settlement. (Schulz's Br. 5-6; Defs.' Resp., Ex. F.)

On February 25, 2011, Schulz filed the instant motion for summary judgment on his indemnity claim. Oral argument on this motion was held on November 29, 2011.

## II.   SUMMARY JUDGMENT STANDARD

A motion for summary judgment may be granted only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The essential inquiry is "whether the evidence presents a sufficient disagreement as to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record" showing a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A). To survive a motion for summary judgment, the non-moving party must refer to specific facts in the record rather than "rely[ing] on unsupported assertions, conclusory allegations, or mere suspicions." Schaar v.

<u>Lehigh Valley Health Servs., Inc.</u>, 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing <u>Williams v. Borough of W. Chester, Pa.</u>, 891 F.2d 458, 460 (3d Cir. 1989)).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. In doing so, a district court must view the evidence in the light most favorable to the non-moving party. <u>Galena v. Leone</u>, 638 F.3d 186, 196 (3d Cir. 2011).

## III.   DISCUSSION

Because OHC is incorporated under Illinois law, the Illinois Business Corporation Act ("IBCA") controls Schulz's indemnity claim. The IBCA expressly requires corporations to indemnify present and former employees who prevail in litigation arising as a result of their employment. In pertinent part, the IBCA states:

> To the extent that a present or former director, officer or employee of a corporation has been successful, on the merits or otherwise, in the defense of any action, suit or proceeding . . . , or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith, if the person acted in good faith and in a manner he or she reasonably believed to be in, or not opposed to, the best interests of the corporation.

805 Ill. C.S.A. 5/8.75(c).

OHC agrees that Schulz was an officer and that the entire suit was resolved in a "successful" manner.[4]  However, OHC urges that issues of fact remain regarding whether: (1) the expenses incurred were "in connection" with Schulz's successful defense; and (2) the expenses were "reasonably incurred." We address each of these arguments in turn.

---

[4]  We note that a settlement agreement satisfies being "successful[] on the merits or otherwise." <u>Wisener v. Air Express Int'l Corp.</u>, 583 F.2d 579, 583 (2d Cir. 1978) (interpreting Illinois's mandatory indemnification provision and finding that the statute was "broad enough to cover a termination of claims by agreement").

A.   **Schulz's Fees Were Incurred in Connection with His "Successful" Defense, Which Satisfies the "in Connection" Requirement.**

OHC first argues that issues of fact remain as to whether Schulz's attorneys' fees were incurred in connection with the "successful" resolution of the case.  OHC contends that because neither Schulz nor his attorney were present at the settlement negotiations that resulted in his dismissal from the underlying action, Schulz is not entitled to indemnification.  (Defs.' Resp. 6.)  We disagree.

We do not read the statutory language of the IBCA to require that a party's attorneys' fees be directly connected to the settlement conference where the successful result was ultimately obtained.  Our reading of the IBCA finds support in at least one other decision interpreting Illinois's mandatory indemnification provision.  In Mollfulleda v. Phillips, 1996 WL 495570 (N.D. Ill. Aug. 28, 1996), Phillips was sued as a result of his corporate employment.  He filed a cross-claim for indemnification against his employers, which was granted on summary judgment after the underlying case was settled.  Id. at *1, *3.  Upon reconsideration, the court affirmed its grant of summary judgment, even though it noted that Phillips did not participate in the settlement negotiations that resulted in the dismissal of the case.  Id. at *3, *6.

Here, while Schulz and his attorney did not participate in the settlement discussions that gave rise to his dismissal, the expenses incurred by Schulz were nevertheless in connection with the "successful" defense.  The fact that OHC's counsel chose to negotiate a settlement that included Schulz does not obviate the corporation's obligation to indemnify Schulz for the reasonable expenses he incurred in successfully defending against the suit.

**B.**    **There is a Genuine Issue of Material Fact with Respect to Whether Schulz's Fees Were Reasonably Incurred.**

OHC also argues that there is a genuine issue of material fact as to whether Schulz's fees were reasonably incurred.  Schulz first responds that the "reasonably incurred" language of the IBCA only pertains to the amount of the fees and not to whether it was reasonable to hire an attorney.  In the alternative, Schulz also asserts that as a matter of law it was reasonable for him to hire separate counsel.  (Oral Arg., Nov. 29, 2011, at 08:21-31, 09:39-10:26.)  On this issue we agree with OHC, and conclude that factual issues remain.

The issue of reasonableness is generally a question of fact rather than a question of law.  Gerwin v. Livingston Cnty Bd., 802 N.E.2d 410, 418 (Ill. App. 2003).  Where a plaintiff fails to establish reasonableness as a matter of law, summary judgment is improper.  See FED. R. CIV. P. 56(c).

Schulz essentially argues that he retained independent counsel because he was concerned that a potential conflict of interest could arise between or among the individual Defendants that could shift liability among them.  Schulz also asserts that he could not accept OHC's offer of representation because "it afforded neither his right to choose his lawyer, nor any protection from paying judgment in an action where he was being sued for many millions of dollars in his personal capacity."  (Schulz's Br. 5.)

OHC counters that Schulz's decision to retain his own counsel was unreasonable because OHC offered to provide him representation, and there was no actual conflict of interest between Schulz and any of the other Defendants.  OHC urges that it had a strong incentive to prevent Schulz from being found liable as a finding of liability against him could have made liability more likely

6

for the other Defendants.  OHC further asserts that Schulz's concern of a potential conflict was disingenuous, in that Schulz initially agreed to be represented in the multiple party defense and only decided to retain independent counsel after OHC declined his request for full indemnification. (Defs.' Resp. 7-10.)

Viewing the facts of record in the light most favorable to OHC, we conclude that a genuine issue of material fact exists as to whether Schulz's legal fees were reasonably incurred.  Based upon the evidence of record, a fact-finder could find that Schulz did not act reasonably in retaining independent counsel.  This conclusion precludes the granting of summary judgment.

**C.** **Schulz's Indemnity Claim Against Camille O. Hoffman, Stonehill Capital Group, LLC, Stonehill Pines, LLC, Stonehill Pines Golf, LLC, and OHC Pines, LLC, fails as a matter of law.**

Lastly, Hoffman and the Stonehill Defendants contend that Schulz has asserted no arguable basis for an indemnity claim against them.  Specifically, they argue that the IBCA only provides for indemnification for a "present or former director, officer or employee of a corporation," 805 Ill. C.S.A. 5/8.75(c), and Schulz has only alleged an employment relationship with OHC.

We agree.  Schulz is not entitled to summary judgment against these Defendants, and in any event, Schulz's counsel conceded at oral argument that Schulz is only pursuing his indemnity claim against OHC.

**IV.** **CONCLUSION**

For the foregoing reasons, Schulz's Motion for Summary Judgment (Doc No. 65) is **DENIED**.  An appropriate Order follows.